HATTIE HIRSCH, Appellee, v. MRS. ED BUTLER, Appellant.

**APPEAL AND ERROR:** Harmless Error—Admission of Conclusion
1 **Evidence.** Allowing a witness to state "that he delivered to defendant all the property which he had sold to defendant" is harmless when such statement came at a time after the witness had been fully examined by both parties as to each and every item of property which the witness claimed to have so sold.

**WITNESSES:** Examination—Cross-Examination—Undue Limita-
2 tion. A cross-examiner's right to test the recollection of a witness as to the value of articles sold, when material, is in no wise lessened by the fact that the number of articles is very large.

APPEAL AND ERROR:  Harmless Error—Erroneous Refusal of In-
3  structions—Curing Error.  It is harmless error to refuse proper
instructions when the same result was reached by those ac-
tually given by the court.

*Appeal from Woodbury· District Court.*—W. G. SEARS,
Judge.

SATURDAY, OCTOBER 20, 1917.

ACTION in replevin.  On or about the 12th day of April,
1915, plaintiff sold to defendant a quantity of furniture,
located in a rooming house in Sioux City, Iowa.  The de-
scription in the bill of sale did not itemize the property, but
designated it in general terms, concluding with the words:
"and any and all furniture, and all articles of whatsoever
nature and description in above described premises."  The
consideration of $1,000 was paid by the giving of $500 in
cash, and by the execution of a note of $500 secured by a
mortgage upon the aforesaid property, to be payable $30
on the 1st of June, 1915, and $30 on the first day of each
and every month thereafter until fully paid.  Defendant de-
faulted in the payments on the note, and plaintiff brings
this action in replevin for the recovery of the property
covered by the mortgage.  Defendant, in her answer, ad-
mits the agreed consideration, the execution of the note
and mortgage, but denies that she received all of the prop-
erty sold her, and asserts that the property turned over was
worth less than the $500 paid, and that the plain-
tiff represented that she was selling to defendant all per-
sonal property in the rooming house in question and that
was exhibited to her on the day of sale, and that, in truth
and fact, she was the owner of but a part thereof, and
that said representations were made for the purpose of in-
ducing defendant to purchase said property, and that same
was the property of various persons occupying rooms in
said rooming house.  The jury returned a verdict for plain-

tiff, fixing the value of plaintiff's interest in the property replevined at $490.48.   Defendant appeals.—*Affirmed.*

*H. F. Fellows* and *L. H. Salinger,* for appellant.

*Sears, Snyder & Boughn,* for appellee.

STEVENS, J.—Appellant relies for reversal upon alleged errors of the court in ruling upon objections to testimony, the refusal to give a requested instruction, and the instructions given by the court upon its own motion.   That the court erred in respect to some of the matters complained of is manifest, particularly in the admission of the conclusion of plaintiff that she delivered all of the property sold to the defendant, the admission of the writ of replevin, and in sustaining the objection to the cross-examination of plaintiff with reference to her recollection of the value of the several items of property claimed to have been delivered to the defendant.   The only question presented with respect to these matters is whether there should be a reversal of this cause on account thereof.

I.   The conclusion stated by the plaintiff followed her testimony in direct and upon cross-examination, which brought out specifically each separate item which she claimed to have sold and delivered to defendant, and we do not see how this testimony could have been understood by the jury to refer to any other property than that which she had referred to in detail in her testimony.

1. APPEAL AND ERROR: harmless error: admission of conclusion. evidence.

The admission of the writ of replevin could in no way have prejudiced defendant. The more serious question arises on the ruling of the court sustaining the objection to the cross-examination of plaintiff.   The cross-examination was with reference to the value of the different articles plaintiff claimed to have delivered to the defendant, and the location of the property in the rooming house, and was in

2. WITNESSES: examination: cross-examination: undue limitation.

part for the purpose of testing the recollection of the witness. There was a controversy between the parties as to the property covered by the bill of sale, plaintiff claiming that she had sold to the defendant certain designated articles, a complete itemized list of which she offered in evidence, whereas defendant claimed that she purchased all of the property located in the rooming house at the time the bill of sale was executed, but that a considerable portion thereof in fact belonged to roomers and was not delivered to her, so that the cross-examination was upon a material point, and was manifestly proper.

The court, upon suggestion of counsel that he had the right to test the recollection of the witness, remarked that the witness could not be expected to remember so many things. The items were numerous, and the witness may not have been able to remember each one separately, but this did not affect counsel's right to cross-examine the witness in the manner attempted in reference thereto; but the record discloses that counsel for defendant had previously interrogated plaintiff with reference to the value of such articles to the extent desired, and the examination appears to have been quite thorough. There was little dispute between the parties as to what property was actually delivered to the defendant. The remark of the court might well have been omitted, but we cannot say that any right of defendant's was materially prejudiced by the ruling upon the objection or by the remark of the court, and in our opinion, there should not be a reversal of this case on account of the above matters.

II. Counsel for defendant requested the court to instruct the jury in substance that, if it found that defendant was induced to purchase the property in controversy and to execute note and mortgage therefor by reason of misrepresentations made by plain-

3. APPEAL AND ERROR: harmless error: erroneous refusal of instructions: curing error.

tiff to defendant as to the quantity of valuable furniture on the premises occupied by her, and which she agreed to sell defendant, and that, in truth and in fact, a large quantity thereof, which she claimed to own and agreed to deliver to defendant, belonged to other persons, and that the property delivered to plaintiff did not exceed in value the cash payment of $500, plaintiff would not be entitled to have her mortgage enforced, and the verdict should be for the defendant. The court refused to give this instruction, but instructed the jury that, if it found that plaintiff failed to deliver any part of the property sold to defendant, it should determine the value thereof and deduct the same from the amount due on the $500 note. The jury in its verdict itemized the property which it found was sold and delivered to defendant, and fixed the value thereof. Under the issues, defendant was entitled to an instruction, substantially at least, as requested; but, unless the refusal to give the same was prejudicial to defendant, such refusal would not justify a reversal of this case.

One of the questions necessary to be determined by the jury was what property plaintiff sold to defendant, and whether same, or what part thereof, was delivered to her. The requested instruction, if given, could in no wise have aided the jury in determining these questions. It may be assumed that the verdict as to the contract and the delivery of the property sold would have been the same had the requested instruction been given as it was under the instruction submitted by the court. The finding of the jury upon the contract and plaintiff's performance thereof was conclusive against defendant's theory of the transaction. The instruction could not have aided her. We are compelled, therefore, to conclude that, while the requested instruction correctly embodied the theory of the defense offered, the refusal to give it was not prejudicial.

III.  It is also argued by counsel for defendant that

the verdict is contrary to and not sustained by the evidence, and contrary to the instructions of the court. There was sharp conflict in the testimony upon all material points, and nothing appears in the record which indicates that the verdict was the result of passion or prejudice on the part of the jury. We are unable to find that the verdict of the jury is contrary to the court's instructions, and the judgment of the lower court is—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.